IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIK N. HILTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civ. No. 25-485-CFC |
| TERESA DAVIS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

AND NOW, on this 17TH day of October in 2025, *pro se* Plaintiff Erik N. Hilton, a civilly committed detainee at the Jane E. Mitchell Building at the Delaware Psychiatric Center, having been granted leave to proceed *in forma pauperis* (D.I. 4), and the Court having screened the complaint (D.I. 2), pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);

IT IS HEREBY ORDERED that:

1. All claims asserted against Defendants Teresa Davis and Sharon Gaskins are **DISMISSED** with prejudice. The complaint only alleges the personal involvement of Defendants Davis and Gaskins in the processing, and possible denial, of Plaintiff's grievance about a lack of employment and education opportunities. (*See* D.I. 2 at 5-6.) This fails to state any cognizable § 1983 claim, first, because mere involvement in the post-incident grievance process does not give rise to § 1983

liability. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"). Second, a prisoner has no constitutional entitlement to a specific job, or even to any job. *See James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Third, a prisoner has no constitutional right to an education. *See Flanyak v. Ross*, 153 Fed. Appx. 810, 812 (3d Cir. Oct. 13, 2005). Amendment is futile.

2. Plaintiff's claims related to general conditions inside the Jane E. Mitchell Building are **DISMISSED** without prejudice, as the complaint does not allege any Defendant's personal involvement. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal quotation mark omitted). 42 U.S.C. § "1983 will not support a claim based on a *respondeat superior* theory of liability." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). Plaintiff will be granted leave to amend these claims.

3.     Last, Plaintiff's claims against Defendant Sam Ogero are **DISMISSED** without prejudice. The complaint alleges sexual assault and retaliation by Defendant Ogero but offers scant facts (*i.e.*, two crass comments and one attempt at hand holding) to support these serious allegations. (*See* D.I. 2 at 7.) This Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). While sexual assault and retaliation certainly can give rise to federal civil rights claims, without additional supporting facts, Plaintiff's claims against Defendant Ogero are insufficiently pled. Plaintiff will be granted leave to amend these claims.

IT IS FURTHER ORDERED that:

1.     Plaintiff's motion for appointment of counsel (D.I. 7) is **DENIED** without prejudice to renewal at a later stage of this case. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel, *see Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), but this Court may request an attorney to represent any person unable to afford counsel, pursuant to 28 U.S.C. § 1915(e)(1). This Court may, in its discretion, request counsel for a plaintiff who shows "special circumstances indicating the likelihood of substantial prejudice to him resulting, for

example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154 (internal citation omitted). This case does not involve complex legal issues, and Plaintiff has demonstrated sufficient ability to present his claims during the early stages. (*See* D.I. 2.) Plaintiff's motion to appoint counsel does not show a likelihood of substantial prejudice, warranting exercise of this Court's discretionary power to appoint counsel. (*See* D.I. 7.) Considering all factors relevant to this stage of the case, *see Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (quoting *Tabron*, 6 F.3d at 155-57), this Court declines to appoint counsel at this time.

2.  Plaintiff's first, second, third, and fourth motions to amend the complaint (D.I. 8; D.I. 9; D.I. 12; D.I. 13) are **GRANTED in part** and **DENIED in part**, as follows:

   A.  Plaintiff's motions are **GRANTED**, in that Plaintiff is granted leave to file an amended complaint below; and

   B.  Plaintiff's motions are otherwise **DENIED** without prejudice as moot due to the grant of leave to file an amended complaint below.

IT IS FINALLY ORDERED that:

1. The complaint (D.I. 2) is **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), as follows:

   A. Claims against Defendants Teresa Davis and Sharon Gaskins are **DISMISSED** with prejudice because amendment is futile; and

   B. All other claims are **DISMISSED** without prejudice to amendment.

2. Plaintiff is **GRANTED** leave to file an amended complaint **on or before November 20, 2025,** to cure the deficiencies in the complaint discussed above.

3. Filing an amended complaint that fails to state a claim upon which relief may be granted may result in dismissal of the amended complaint with prejudice and case closure. Conversely, filing no amended complaint will result in case closure.

_____
Chief Judge